# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOHN H. COOPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:11-CV-1836-JCH |
| ) | |
| MISSOURI DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of John H. Cooper (registration no. B87161) for leave to commence this action without payment of the required filing fee.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court will assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner will be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the

six-month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $100.19, and an average monthly account balance of $57.16. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $20.04, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## The complaint

Plaintiff, an inmate at the Centralia Correctional Center in Centralia, Illinois, seeks monetary relief in this 42 U.S.C. § 1983 action against defendants Missouri Department of Corrections, Jennifer Sachse (Warden), Unknown Assistant Warden, Luann Priest (Records Officer), Gwen Shamily ("Two House IPO"), Unknown 2 House FUM, Unknown 2 House Caseworker, and six John Does

2

(Correctional Officers). Plaintiff is challenging his extradition from Missouri to Illinois in February 2010. He alleges that defendants violated his constitutional rights when they failed to follow proper procedures before turning him over to a St. Claire County sheriff upon the expiration of his sentence in Missouri.

**Discussion**

To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions that would render a conviction or sentence invalid, a § 1983 plaintiff must first prove that the conviction or sentence has been reversed, expunged, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994). In the instant action, plaintiff does not claim that his Illinois detention has been invalidated or called into question. As such, this action is presently barred by Heck. See e.g. Johnson v. Doe, 230 F.3d 1358, 2000 WL 1434693 (6th Cir. 2000)(where plaintiff did not show his detention had previously been invalidated, his § 1983 action challenging extradition procedures was barred by Heck; to pursue federal remedy, plaintiff was required to first prevail in a habeas corpus action declaring his detention to be illegal); see also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973)(state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $20.04 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance

payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 9th day of December, 2011.

    /s/Jean C. Hamilton
    **UNITED STATES DISTRICT JUDGE**